**FOR PUBLICATION**



ATTORNEY FOR APPELLANTS:

**JON P. McCARTY**
Covington, Indiana

ATTORNEY FOR APPELLEES:

**JILL WESCH**
Wallace Law Firm
Covington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLIFFORD GARRETT and JUDITH ANN GARRETT, | ) | |
| | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No.  23A01-1407-PL-277 |
| | ) | |
| PAUL T. SPEAR and LINDA SPEAR, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE FOUNTAIN CIRCUIT COURT
The Honorable Susan Orr Henderson, Judge
Cause No. 23C01-1008-PL-339

**December 31, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

On February 6, 2013, the trial court granted summary judgment in favor of Paul and Linda Spear (collectively, "Spear") and against Clifford and Judith Garrett (collectively, "Garrett), and ordered Spear to obtain and record a survey reflecting a property line. Following an affirmance by this court on appeal, Spear filed a notice of compliance with that order, and the trial court made a Chronological Case Summary entry on May 16, 2014, stating that Spear complied with the February 6 order, and reaffirmed the same in an order on June 5, 2014 in response to Garrett's motion to correct error. Garrett appeals, raising one issue for our review, which we restate as follows: whether the trial court's denial of Garrett's motion to correct error was an abuse of discretion. Concluding the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History[1]

In August 2010, Spear filed a complaint against Garrett regarding a boundary dispute between the parties' adjacent parcels of land, and Spear sought to quiet title. Spear filed a motion for summary judgment, and Garrett filed a cross-motion for summary judgment. On February 6, 2013, the trial court granted summary judgment in favor of Spear. That order stated that Spear was to "obtain and properly record a survey reflecting the boundary line that has been in existence since 1983 along the fence line installed by agreement between the Gillis' and Spears' property."[2] Appellant's Appendix

---

[1] A detailed recitation of the facts and procedural history underlying the parties' suit can be found in this court's opinion affirming the trial court's grant of summary judgment. See Garrett v. Spear, 998 N.E.2d 297, 298-301 (Ind. Ct. App. 2013).

[2] Gillis formerly owned the property now owned by Garrett.

2

at 10. Garrett appealed that decision, and this court affirmed in a published opinion on November 20, 2013. See Garrett v. Spear, 998 N.E.2d 297, 298-301 (Ind. Ct. App. 2013). That opinion included a clarification concerning the boundary line referred to in the trial court's order: "based upon the designated evidence, such boundary shall be one-and-one-half feet to the north of the fence line." Id. at 306 n.7.

On March 17, 2014, Spear filed a Motion for Evidentiary Hearing to establish the proper location of the property boundary, and a hearing was set for May 16, 2014. On May 15, 2014, Spear filed a notice of compliance with the trial court's February 6, 2013 order and requested that the survey be part of the court record, to which Garrett responded with a motion to strike. On May 16, the parties appeared for the hearing, but Spear withdrew his motion for a hearing. The trial court struck Spear's survey from the record, and over Garrett's objection, the trial court declined to hold the evidentiary hearing initially requested by Spear. The trial court also made an entry on the Chronological Case Summary ("CCS") indicating that Spear "has complied with the trial court's ruling of 2-06-2013 as affirmed by the COA." Appellant's App. at 7. On June 5, 2014, in response to Garrett's motion to correct error, the trial court issued an order clarifying that Spear filed a survey as provided for in the February 6, 2013 order. Garrett now appeals the trial court's denial of his motion to correct error.

## Discussion and Decision

### I. Standard of Review

We review a trial court's decision to grant or deny a motion to correct error under an abuse of discretion standard. Cleveland v. Clarian Health Partners, Inc., 976 N.E.2d

3

748, 755 (Ind. Ct. App. 2012), <u>trans. denied</u>. An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances or if the decision is contrary to law. <u>Id.</u>

## II. Compliance with Court Order

Garrett argues on appeal that there is no cognizable evidence supporting a finding by the trial court that Spear complied with the February 6 order. He also contends that assuming the trial court took judicial notice of the survey, he was denied the opportunity to be heard on the matter pursuant to Indiana Evidence Rule 201(e). Garrett's argument begs the question—that is to say his argument incorrectly assumes a requirement to submit evidence of compliance where no such requirement existed. Garrett asserts there is no evidence to support a finding that Spear complied with the trial court's order, but Garrett makes this argument without pointing to anything obligating Spear to prove his compliance in the first place. The trial court's February 6 order does not contain any direction that the parties submit evidence of their compliance with that order, and Garrett fails to identify an Indiana Trial Rule or local rule that requires a party to affirmatively prove compliance with a court order.[3] From our perspective, Spear's notice to the trial court is sufficient to support the trial court's CCS entry reflecting compliance with the court's order. If Garrett believes that Spear has failed to comply with the court's

---

[3] At most, the following Fountain County local rule could be interpreted to require Spear to provide <u>notice</u> of compliance with the judgment in this situation: "All attorneys releasing or satisfying a judgment shall notify the Court or Clerk in writing of such release or satisfaction." Fountain Circuit Court Local Rule of Civil Procedure 13(h), <u>available at</u> http://www.in.gov/judiciary/2948.htm#local (last visited Dec. 29, 2014).

4

February 6 summary judgment order, it is incumbent upon him to enforce the judgment in further proceedings.[4]

Conclusion

Concluding the trial court's denial of Garrett's motion to correct error was not an abuse of discretion, we affirm.

Affirmed.

BAILEY, J., and BROWN, J., concur.

---

[4] Garrett also asserts that an unfavorable ruling in this appeal may prevent him from challenging Spear's survey under the doctrines of claim preclusion and issue preclusion. Because that issue is not properly before us, we do not address it.